# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOBBY DAVENPORT, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PFEIFFER, *et al.*,<br><br>　　　　Defendants. | Case No.  1:23-cv-01681-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff James Bobby Davenport, III ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on December 4, 2023, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

　　　　Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

///

1   physical injury."[1]

2   The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy
3   the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047,
4   1053−55 (9th Cir. 2007).  In the complaint, Plaintiff alleges that in retaliation for filing a
5   grievance against an officer, he was forced to strip naked in front of a camera to go to work or be
6   written up for refusing to go to work, and then was not allowed to use the appeal process.
7   Plaintiff further alleges that the Kosher meals at Kern Valley State Prison are inedible and
8   prepared in a roach and rat-infested kitchen.  (ECF No. 1.)

9   "Imminent danger of serious physical injury must be a real, present threat, not merely
10  speculative or hypothetical."  *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,
11  2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of
12  ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent
13  serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and
14  utterly conclusory assertions" of imminent danger or insufficient.  *White v. Colorado*, 157 F.3d
15  1226, 1231–32 (10th Cir. 1998).

16  Based on the allegations in the complaint, Plaintiff has failed to allege that he was in any
17  imminent danger of serious physical injury at the time the complaint was filed.  Plaintiff has not
18  satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must
19  pay the $402.00 filing fee if he wishes to litigate this action.

20  Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
21  District Judge to this action.

22  ///
23  ///
24

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Davenport v. Ponce*, Case No. 2:14-cv-00405-TLN-CMK (E.D. Cal.) (dismissed on November 21, 2014 for failure to state a claim; (2) *Davenport v. Udhe*, Case No. 2:16-cv-00313-EFB (E.D. Cal.) (dismissed on May 19, 2016 for failure to state a claim); (3) *Davenport v. Gomez*, Case No. 2:16-cv-01739-JAM-KJN (E.D. Cal.) (dismissed on March 27, 2019 for failure to exhaust), *see El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2005) (case may be dismissed for failure to state a claim where failure to exhaust is clear from the face of the complaint).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

2

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2023**          /s/ *Barbara A. McAuliffe*         
                                  UNITED STATES MAGISTRATE JUDGE