UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOBBY DAVENPORT, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PFEIFFER, *et al.*,<br><br>　　　　Defendants. | No.  1:23-cv-01681-KES-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br>Docs. 2, 5<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff James Bobby Davenport, III is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed an application to proceed in forma pauperis on December 4, 2023.  Doc. 2. On December 5, 2023, the assigned magistrate judge issued findings and recommendations recommending denial of Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and requiring him to pay the $402.00 filing fee in full to proceed with this action.  Doc. 5.  The findings and recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen (14) days after service.  *Id.* at 3.  Plaintiff timely filed objections on December 18, 2023.  Doc. 7.

　　　　In his objections, Plaintiff argues that *Davenport v. Gomez* ("*Davenport I*"), Case No. 2:16-cv-01739-JAM-KJN (E.D. Cal.) should not be counted as a "strike," because it was dismissed without prejudice and because his failure to exhaust administrative remedies in that

1    case was due to their unavailability. *Id.*

2        Plaintiff's objections are unpersuasive. A dismissal may count as a strike even if it is
3    without prejudice. *See Lomax v. Ortiz-Marquez*, 590 U.S. ___, 140 S. Ct. 1721, 1724 (2020).
4    Further, and as noted in the findings and recommendations, a case may be dismissed for failure to
5    state a claim where failure to exhaust is clear from the face of the complaint. *El-Shaddai v.*
6    *Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2005). In *Davenport I*, the court granted the
7    defendants' motion for judgment on the pleadings, finding that based on the face of plaintiff's
8    first amended complaint, including the attached exhibits, plaintiff failed to properly exhaust his
9    administrative remedies prior to filing his suit. *Davenport I* (Doc. 38), Case No. 2:16-cv-01739-
10   JAM-KJN, 2019 WL 636844, at *6 (E.D. Cal. Feb. 14, 2019), *adopted in full by Davenport I*
11   (Doc. 39) (E.D. Cal. Mar. 27, 2019). Plaintiff's argument regarding the unavailability of
12   administrative remedies was also raised and rejected by the court in *Davenport I*. *Id.* It is not
13   appropriate for the Court to reconsider them here.

14       In accordance with the provisions of 28 U.S.C. § 636 (b)(1), this Court has conducted a *de*
15   *novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's
16   objections, the Court concludes that the magistrate judge's findings and recommendations are
17   supported by the record and proper analysis.

18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

2

Accordingly,

1. The findings and recommendations issued on December 5, 2023, (Doc. 5), are adopted in full;

2. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (Doc. 2), is denied; and

3. Within **twenty-one (21) days** following the date of service of this order, Plaintiff shall pay the $405.00 filing fee in full to proceed with this action. If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:   November 2, 2024

_____
UNITED STATES DISTRICT JUDGE

3